**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-7716**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

ARTHUR WAYNE CLEMMER,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Alexander Williams, Jr., District Judge. (8:05-cr-00277-AW-1; 8:09-cv-03235-AW)

_____

Submitted: March 3, 2011        Decided: April 15, 2011

_____

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Arthur Wayne Clemmer, Appellant Pro Se. Barbara Suzanne Skalla, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arthur Wayne Clemmer seeks to appeal the district court's orders denying his 28 U.S.C.A. § 2255 (West Supp. 2010) and Fed. R. Civ. P. 59(e) motions. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.[*]

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order denying Clemmer's § 2255 motion was entered on the docket on July 29, 2010 and its order denying his timely Rule 59(e) motion was entered on the docket on August 18, 2010. Clemmer asserts he placed his first notice

---

[*] Clemmer has filed a notice of appeal from a district court order purporting to deny his first notice of appeal as untimely. Because the district court is without the authority to deny an appeal, even if apparently untimely, we treat this as an appeal solely from the orders denying Clemmer's § 2255 and Rule 59(e) motions.

2

of appeal in the prison's internal mailing system for mailing on November 3, 2010. See Houston v. Lack, 487 U.S. 266, 276 (1988). Crediting this version of events, Clemmer's first notice of appeal was nevertheless untimely by over two weeks. Because Clemmer failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED